UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KIMBERLY DIANE DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-191 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff moves for an award of $5,034.41 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Doc. 25. The Defendant does not oppose the request. *Id.* at 1. For the reasons that follow, the Motion is **GRANTED**, in part, and **DENIED**, in part. Doc. 25.

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four

---

[1] Frank Bisignano is now the Commissioner of Social Security and has been automatically substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d). The Clerk is **DIRECTED** to update the docket accordingly.

of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party since, on the Defendant's motion, the Court remanded the case to the Social Security Administration for further proceedings. *See* doc. 22 (Defendant's Motion to Remand); doc. 23 (Order); doc. 24 (Judgment). Her request for fees is timely. *Compare* doc. 24 (Judgment entered March 25, 2025) *with* doc. 25 (Motion filed June 18, 2025). Through its non-opposition, Defendant does not appear to contend that its position was substantially justified. *See* doc. 25 at 1 (alleging the Government's position was "not substantially justified"); *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was

substantially justified."). Plaintiff is, therefore, entitled to an award pursuant to the EAJA.

The Court must next determine whether the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

The Court has difficulty determining whether the time expended by Plaintiff's counsel and his paralegal is reasonable because all that is provided is a chart showing that the attorney spent 14.2 hours on the case and the paralegal spent 18.6 hours on the case. Doc. 25 at 1. This amount of time *could* be reasonable, if appropriately justified with some explanation of how the time was spent, like contemporaneous billing records or affidavits explaining the work that was done. However, all that is provided is a conclusory assertion that "the attorney's fees are

3

reasonable." *Id.* Therefore, the Court is left to consider its own expertise as to a reasonable amount of time expended on this case. The record totaled 541 pages, *see* doc. 13-1 at 1-3, smaller than some records in social security appeals. Plaintiff submitted a 15-page brief raising one issue, *see generally* doc. 19, and it was persuasive enough that the Commissioner sought remand for an Administrative Law Judge to further evaluate Plaintiff's residual functional capacity, doc. 22. Without additional information justifying 32.8 total hours spent on the case, the Court finds that an award for 10 hours of attorney time and 18.6 hours of paralegal time is reasonable. *See, e.g.*, *Moultry v. Kijakazi*, 2023 WL 3637083, at \*2 (S.D. Ga. Apr. 28, 2023) (finding 10.3 hours of attorney time and 19.25 hours of paralegal time reasonable in case with consent remand and transcript totaling 1,647 pages).

As for the reasonableness of the claimed hourly rates, under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that an hourly rate of $223.55 for attorney time and an hourly rate of $100.00 for

paralegal time are appropriate in this case. Doc. 25 at 1. While the motion only states that an hourly attorney rate over $125 is "justified," without specifically identifying a cost-of-living increase or any other special factor, the Court again exercises its own expertise and finds the requested hourly rate of $223.55 for attorney time reasonable. *See, e.g.*, *Jones-Brockington v. Kijakazi*, 2025 WL 1358589, at *2 (S.D. Ga. May 9, 2025) (finding higher hourly rate reasonable in social security case). However, Plaintiff has not demonstrated, and the Court cannot find, that the requested paralegal rate of $100 per hour is reasonable. In 2019, this Court determined that an hourly rate of $75 for paralegals was reasonable and rejected a request for a higher rate. *See Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019). There, as here, the motion was silent as to the paralegal's customary billing rate. *Id.* Therefore, absent any justification from Plaintiff for a higher hourly rate, the Court finds, as it did in *Holton*, that $75 is a reasonable hourly rate for the paralegal's time. *Id.*

Applying the approved rates to the reasonable hours identified above, Plaintiff is awarded $2,235.50 for 10 hours of attorney time and

$1,395 for 18.6 hours of paralegal time for a total EAJA fee award of $3,630.50.

Plaintiff asks that the Court order the government to pay the EAJA award directly to Plaintiff's counsel. Doc. 25 at 2. Plaintiff asserts there is an assignment of fees contained in the fee agreement with counsel, though no copy of the agreement is included with the submission. *See generally id.* In *Astrue v. Ratliff*, the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 (2010). Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Therefore, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1

(M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

Based on the above, the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act is **GRANTED, in part** and **DENIED**, **in part**.  Doc. 25.  The Court awards EAJA fees totaling $3,630.50 to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it to the discretion of the Government to accept Plaintiff's assignment of EAJA Fees, if any, after a determination that Plaintiff does not owe a federal debt.

**SO ORDERED**, this 6th day of August, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA